# Cole Schotz P.C.

1325 Avenue of the Americas, 19th Floor
New York, NY 10019
212-752-8000   212-752-8393 fax
—
New Jersey
—
Delaware
—
Maryland
—
Texas
—
Florida

Jed M. Weiss
Member
Admitted in NY and CT

Reply to New York Office
Writer's Direct Line: 646.563.8922
Writer's Direct Fax: 646.563.7922
Writer's E-Mail: jweiss@coleschotz.com

April 28, 2022

**Via Electronic Filing**



Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

  Re: *Marathon CRE 2018-FL1 Issuer, LTD. v. 257-263 W. 34th Street LLC, et. al.*,
     Case No. 1:22-cv-01991

Your Honor:

  We represent plaintiff, Marathon CRE 2018-FL1 Issuer, Ltd. ("Plaintiff"), in the above-referenced action. Per the Court's April 27, 2022 Order (*see* ECF No. 29), kindly accept this letter as Plaintiff's response to the April 26, 2022 letter (the "Letter") filed by defendants, Sorabh Maheshwari, Justin Ehrlich, Chaim Lebowitz, Issac Laufer and 257-263 W. 34th Street LLC (collectively, the "Defendants"). (*See* ECF No. 26).

  The principal issue before this Court is the limited redactions contained in the subscription agreements submitted by Messrs. Thaler and Griffin (the "Subscription Agreements"), which the Defendants argue are improper. The Subscription Agreements each contain three (3) narrowly tailored redactions of the subscription amounts that Messrs. Thaler and Griffin paid for their limited partnership interests in MAM 263 W 34th Street Holdco, L.P. ("Holdco").[1] Because the subscription amounts are Messrs. Thaler and Griffin's personal financial information, those amounts were redacted to maintain confidentiality. Rule 9(a) of this Court's Individual Rules of Practice (Redactions Not Requiring Court Approval) provides as follows:

> Parties may also, **without prior Court approval**, redact from their public filings the six categories of information requiring caution described in the Privacy Policy (i.e., any personal identifying number, medical records [including information

---

[1] The redactions are located on PDF pp. 19, 39, 40 of the Subscription Agreements. (*See* ECF No. 23, Ex. F (Thaler Aff.); EFC No. 24, Ex. A (Griffin Aff.)). The redactions of the individuals' social security numbers in the Subscription Agreements are not at issue here.

Cole Schotz P.C.

Honorable Katherine Polk Failla
April 28, 2022
Page 2

regarding treatment and diagnosis], employment history, **individual financial information**, proprietary or trade secret information, and information regarding an individual's cooperation with the government.  (Emphasis supplied).

It cannot be genuinely disputed that the subscription amount for Messrs. Thaler and Griffin's investment in Holdco is not "individual financial information" that Rule 9(a) contemplates and allows for redaction which, by reference, embodies the E-Government Act of 2002 and the Southern District's ECF Privacy Policy (i.e., the "Privacy Policy" cited in Rule 9(a)).  Thus, the redactions are completely permissible without leave of court and Defendants' counsel's claimed entitlement to unredacted copies of the Subscription Agreements is without merit.

While the Defendants' aspirations to uncover "potential collusion" to defeat diversity jurisdiction have done little but infuse fanciful hyperbole into this litigation, revealing the *amount* of Messrs. Thaler and Griffin's investment in Holdco is irrelevant for the Court's diversity analysis.  That analysis is based on residence of the parties, not the amount of the members' financial investments.  Indeed, whether the investment amount was a nominal amount or a substantial amount does not change the fact that Messrs. Thaler and Griffin are partners of Holdco.

As to the Defendants' request for the partnership agreement for Holdco, Plaintiff is happy to provide the Defendants with a redacted copy of the partnership agreement.  That agreement, too, contains personal financial information such as distribution amounts for Holdco's partners which is information that Messrs. Thaler and Griffin also request maintain confidential.  Alternatively, Plaintiff can make available to the Court unredacted copies of the Subscription Agreements and partnership agreement for Holdco for *in camera* inspection and the Court's further determination as to the Defendants' request.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

COLE SCHOTZ P.C.

*/s/ Jed M. Weiss*

Jed M. Weiss

cc:  All counsel (*via electronic filing*)

The Court is in receipt of Defendants' April 26, 2022 letter and Plaintiff's above response.

While the Court is mindful of the privacy interests implicated by the financial information Defendants are seeking, it finds that the information may be relevant to Defendants' arguments in opposition to Plaintiff's motion for leave to amend and to remand this case to state court. The Court therefore directs Plaintiff to file sealed versions of the relevant exhibits with the subscription amounts unredacted on the docket, viewable only to the parties and Court. These exhibits shall be for attorneys' eyes only.

Additionally, if Defendants choose to quote or reference the subscription amounts in their opposition papers, they shall file both (i) public versions of their opposition papers with the subscription amounts redacted and (ii) sealed, unredacted versions of their papers that are viewable only to the parties and Court.

Lastly, the Court directs Plaintiff to provide Defendants with a redacted version of the partnership agreement for MAM 263 W 34th Street Holdco, L.P. In contrast with the subscription agreements, Defendants have not provided any basis to find that any sensitive financial information in the partnership agreement would be relevant to Plaintiff's motion.

The Clerk of Court is directed to terminate the motion at docket entry 26.

Dated: May 2, 2022
       New York, New York

SO ORDERED.

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE