# THE BERKMAN LAW OFFICE, LLC

111 Livingston Street, Suite 1928
Brooklyn, New York 11201

Tel: (718) 855-3627                                                                                         Fax: (718) 855-4696

May 18, 2022

**BY ECF**
Hon. Katherine Polk Failla
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**MEMO ENDORSED**

    Re:  *Marathon CRE 2018-FL1 Issuer, Ltd. v. 257-263 W 34th Street LLC et al*
          Case no. 22-cv-1991 (KPF)

Dear Judge Failla,

    Responding to Defendants' May 10 letter seeking jurisdictional discovery and a continuance of the briefing schedule for Plaintiff's motion to amend the complaint to substitute parties and remand (Dkt. 22-25, 30) ("Plaintiff's Motion"), this Court on May 11 entered an endorsed order stating:

> After reviewing Defendants' above letter and the caselaw cited therein, the Court questions whether a legal basis exists to support looking beyond the pleadings and inquiring into the circumstances and motivations surrounding Plaintiff's assignment of its interest of the loans at issue in this case. Plaintiff is directed to file a letter, not to exceed three pages, addressing whether such a legal basis exists on or before May 13, 2022.

(Dkt. 42).

    Plaintiff submitted a letter on May 13, but it failed to directly address the specific issue identified by the Court, whether there is a basis to look beyond the pleadings—meaning the current pleadings.

    Indeed, there is no need to look beyond the current pleadings. According to Plaintiff's Complaint (as corrected by the affidavit of Ronal Bhagat[1]), Plaintiff is a Cayman Islands entity with no presence in

---

[1] The statement that there is no need to look beyond the pleadings is made with one caveat. In the original complaint Plaintiff alleges it is a company incorporated in the Cayman Islands, with an office located in Manhattan. (Dkt, 8, Complaint, ¶ 2). Plaintiff took back this allegation back in the affidavit of Ronal Bhagat, who says that Plaintiff is purely a Cayman entity, and that the office in Manhattan belongs

THE BERKMAN LAW OFFICE, LLC                                         May 18, 2022
                                                                    Page 2 of 3

New York, and Defendants are New Yorkers. As such, there is diversity jurisdiction and Defendants' removal of the case from state court was proper. That actually ends the matter, as the jurisdictional status at the inception of the case that controls. Subsequent events, such as assignments, transfers, parties relocating, taking in new partners, etc. do not affect diversity jurisdiction.

The Supreme Court has held, that "diversity of citizenship is assessed at the time the action is filed." *Freeport-McMoRan, Inc. v. K.N. Energy, Inc.*, 409 U.S. 426, 428 (1991). "[If] jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." *Id.*[2] *See also Linardos v. Fortuna,* 157 F.3d 945, 947 (2d Cir. 1998) (holding the question of "[w]hether federal diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the action is commenced.... If diversity exists at the time of commencement, federal jurisdiction is not defeated if one party subsequently becomes a citizen of the same state as his opponent.") (Citations omitted).

This argument—that the original pleadings (as corrected) control—will, in fact, be Defendants' main argument in opposition to the remand prong of Plaintiff's Motion.

However, Plaintiffs' Motion argues that it is the jurisdictional attributes of the new plaintiff proposed to be substituted for Plaintiff in the proposed amended complaint that controls, not the jurisdictional attributes of the original Plaintiff. Defendants believe Plaintiff is wrong on this point, as shown above, but since the argument was raised by Plaintiff in Plaintiff's Motion Defendants have sought jurisdictional discovery regarding the proposed new plaintiff and its claimed New York resident micro-limited partners in order to respond to the argument on its own terms, as set forth in Defendants' letter of May 10 (Dkt. 41).

As to the jurisdictional discovery issues addressed in that letter, Defendants wish only to add that, while our research has not revealed any caselaw from this Circuit dealing with assignments destroying diversity,[3] such assignments have been addressed by federal courts in other districts. *See*, 13 Fed. Prac. & Proc. Juris. (Wright & Miller) § 3641 (3d. ed.) (Devices to Defeat Diversity Jurisdiction). As stated in that treatise, "[a]lthough Congress has not enacted legislation on the subject, the federal courts have become

---

to a different entity (Dkt. 1-2). These two documents together will be referred to herein as Plaintiff's Complaint.

[2] The facts of *Freeport* are remarkably similar the instant case. The case involved a contract dispute between two plaintiffs that were both citizens of Delaware and Louisiana and a defendant that was a citizen of Kansas and Colorado. After the suit was filed, one of the plaintiffs transferred its interest in the contract to a limited partnership that had limited partners who were citizens of Kansas and Colorado. The Supreme Court held that a change of a party's citizenship after the filing of a lawsuit did not divest the district court of jurisdiction because "[a] contrary rule could well have the effect of deterring normal business transactions during the pendency of what might be lengthy litigation." *Id.*

[3] There are, of course, a number of cases which deal with assignments designed to manufacture diversity jurisdiction, given that this situation is covered by a specific statute, 28 U.S.C. § 1359.

THE BERKMAN LAW OFFICE, LLC				May 18, 2022
								Page 3 of 3

active in upholding the purpose of diversity jurisdiction and the right of removal, thereby preventing their defeat by manipulation." As cited in our May 10 letter, in *Minogue v. Modell*, 2006 WL 1704932 (N.D. Ohio 2006), the court, having reviewed the relevant case law from various jurisdictions, distilled the factors for determining whether a party has attempted to defeat diversity by an assignment to the following:

> (1) whether the assignment was partial or total; (2) lack of consideration paid by the assignee to the assignor; (3) the plaintiff's motive was to stay in state court; (4) the assignee had no interest in the litigation before the assignment; and (5) the assignment was made shortly before the suit was filed.

*Id.* At least three of these factors, 2, 3, and 4, raise factual issue which can only be established through discovery.

Obviously, if Plaintiff's Motion is resolved based on the jurisdictional attributes of the parties to the original complaint, as Defendants maintain it should be, then the jurisdictional discovery sought in Defendants' letter of May 10 (Dkt. 41) becomes unnecessary. However, inasmuch as the Plaintiff contends that diversity jurisdiction should be determined based on the post-filing status of the parties, and Defendants will have to respond to all the issues raised in that motion, Defendants should be allowed to conduct jurisdictional discovery in order to present arguments that would defeat that argument.

Regardless of the outcome of this letter, Defendants reiterate the request made in their May 10 letter that the current May 20, 2021 due date for Defendants' opposition to Plaintiff's motion be continued. If jurisdictional discovery is deemed not necessary, then a two-week continuance would suffice. If the Court orders jurisdictional discovery, then Plaintiff's Motion should be adjourned *sine die*, and a discovery schedule for jurisdictional discovery be set.

					Respectfully yours,

					Robert J. Tolchin

Cc: All counsel of record by ECF

The Court is in receipt of Defendants' May 10, 2022 letter requesting jurisdictional discovery (Dkt. #41); Plaintiff's May 13, 2022 letter opposing Defendants' request (Dkt. #43); and Defendants' May 18, 2022 letter in further support of their request (Dkt. #45). For the reasons that follow, Defendants' request for jurisdictional discovery is DENIED.

"A district court retains considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction." *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) (internal quotation marks omitted). After reviewing the parties' submissions, the Court finds that additional jurisdictional discovery is unwarranted in this case. Preliminarily, the Court observes that it has previously authorized certain limited discovery into issues raised in Defendants' letter (*see* Dkt. #32) and Defendants have not identified in sufficient detail the additional discovery that they wish to conduct. More to the point, the Court notes that Defendants represent in their above letter that any jurisdictional discovery will be targeted toward their secondary argument in opposition to Plaintiff's motion to remand. The Court's own review of the cases cited above, particularly *Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426 (1991), suggests that Defendants are likely correct that the motivations behind Plaintiff's assignment are unlikely to be dispositive in this case. Rather, the central issue is likely to be whether this case must be remanded because Plaintiff's assignee was an indispensable party at the time the case was removed to federal court. *See id.* at 428 (finding diversity jurisdiction existed despite subsequent assignment of interest and substitution of parties where the substituted party "was not an 'indispensable' party at the time the complaint was filed"). For all these reasons, the Court denies Defendants' motion to stay the briefing schedule pending the completion of additional jurisdictional discovery.

To enable the Court to resolve Plaintiff's motion on an appropriate record, Plaintiff is hereby ORDERED to file a supplemental brief, not to exceed 5 pages, addressing the issues outlined above on or before **June 6, 2022**. Defendants' opposition brief, if any, shall be filed on or before **June 21, 2022**. Plaintiff's reply brief, if any, shall be filed on or before **July 5, 2022**.

The Clerk of Court is directed to terminate the motion at docket entry 41.

Dated: May 23, 2022
       New York, New York

SO ORDERED.

*[signature]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE