# GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP

ATTORNEYS AT LAW
**1501 BROADWAY**
**22ND FLOOR**
**NEW YORK, N. Y. 10036**
**(212) 221-5700**
**TELECOPIER (212) 730-4518**

ANDREW W. ALBSTEIN*
STEVEN R. UFFNER
KEVIN J. NASH
IRIS A. ALBSTEIN
BARRY E. ZWEIGBAUM
DOUGLAS TAUS
ROBERT W. LO SCHIAVO*
ELIZABETH SMITH*†
KATHARINE M. FINCH○
MATTHEW E. HEARLE
AUBREY E. RICCARDI
ANTHONY J. SCHLUR
DANIEL J. SLATZ
STEWART A. WOLF*
YAN LAURENCY
ERIK ZARATIN○

J. TED DONOVAN
SERGIO J. TUERO*
JAY E. SIMENS
BRIAN W. KEMPER
ERICA VITANZA*
BRIAN A. KOHN
ELLIOT WEISELBERG*
M. BRIAN CRONK
JOHN P. HOGAN
ZACHARY D. KUPERMAN*
NEIL I. ALBSTEIN*
JARED STEINBERG♦
ELLIOT FINK

Kevin J. Nash, Esq.
Direct: 212-301-6944
Facsimile: 212-221-6532
KJNash@GWUlaw.com

M. BRIAN CRONK
JOHN P. HOGAN
ZACHARY D. KUPERMAN*
NEIL I. ALBSTEIN*
JARED STEINBERG♦
ELLIOT FINK

ARNOLD I. MAZEL
HARVEY GOLDSTEIN
BENJAMIN C. KIRSCHENBAUM
ROBERT KANDEL
ROBERT F. LINER
(OF COUNSEL)

EMANUEL GOLDBERG (1904 - 1988)
JACK WEPRIN (1930 - 1996)
BENJAMIN FINKEL (1905 - 1986)

\*   ALSO MEMBER OF NEW JERSEY BAR
†   ALSO MEMBER OF MASSACHUSETTS BAR
○   ALSO MEMBER OF CONNECTICUT BAR
♦   MEMBER OF OHIO AND PENNSYLVANIA BARS ONLY



August 23, 2022

*Via ECF and email: Failla_NYSDChambers@nysd.uscourts.gov*
Hon. Katherine Polk Failla
United States District Court
40 Foley Square, Room 2103
New York, NY 10007

Re:   Marathon CRE 2018-FL1 Issuer, Ltd. v. 257-263 W 34th Street LLC, et al.,
      Case No. 1:22-cv-01991-KPF
      Motion of Cornell West 34 Holder LLC (the "Debtor") to Intervene

Dear Judge Failla:

On August 3, 2022, Cornell West 34 Holder LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York.  The case was assigned docket number 22-41888-ESS. On August 12, 2022, the undersigned filed a letter relating to the implications of the automatic stay and our intention to move to intervene in this case captioned Marathon CRE 2018-FL1 Issuer, Ltd. v. 257-263 W 34th Street LLC, et al., Case No. 1:22-cv-01991-KPF (the "Foreclosure Action"). This letter is intended for that purpose.

1

The Debtor is the owner of 15.03% of 257-263 W 34th Street JV LLC, whose sole asset is its ownership of 100% of the equity in 257-263 W 34th Mezz LLC, whose sole asset is its ownership of 99.99% of the equity in 257-263 W 34th Street LLC, the lead defendant herein (the "Borrower"). The Borrower owns the real property located at 257-263 W 34th Street, New York, NY (the "Property") which is the subject of the Foreclosure Action. Since the Debtor indirectly owns 15.03% of the Property and has an equitable right of redemption, it has a keen interest in the Foreclosure Action and sought Chapter 11 relief in an effort to gain the opportunity to stabilize the Property.

The Debtor has invested approximately $7.5 million in the Property, which will be forfeited without the Debtor's intervention in the Foreclosure Action. Accordingly, the Debtor hereby moves pursuant to Federal Rule of Civil Procedure 24 to intervene as of right. The Debtor has a substantial interest and financial stake in this litigation, as it retains a beneficial ownership interest in the Property which will be necessarily impaired, if not eliminated, if the Plaintiff prevails. The Debtor's rights and interests are not adequately represented by the other parties in the case who are subject to certain carveout guarantees that limit their access to Chapter 11. The Debtor has already sought Chapter 11 relief in order to protect its rights and interests, with a view towards restructuring the Property.

Federal Rule of Civil Procedure 24(a)(2) provides that a court must permit intervention on timely application by anyone: (1) who "claims an interest relating to the property or transaction that is the subject of the action," and (2) whose interest may be "impair[ed] or impede[d]" by disposition of the action, "unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). This Rule is "broadly construed in favor of potential intervenors," who must be permitted to intervene if: "1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the applicant's interest." *Ohio State Conference of NAACP v. Husted*, 588 F. App'x 488, 490 (6th Cir. 2014) (citation omitted); *see Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999).

The requirements for a motion to intervene as of right are: "(1) timely application, (2) an interest relating to the subject matter of the action, (3) potential impairment, as a practical matter, of that interest by the disposition of the action, and (4) lack of adequate representation of the interest by the existing parties to the action." *State of Illinois v. City of Chicago*, 912 F.3d 979, 984 (7th Cir. 2019), *rehearing and rehearing en banc denied, cert denied*, 140 S.Ct. 82, 205 L.Ed.2d 30; *see also Security Pacific Mortg. and Real Estate Services, Inc. v. Republic of Philippines*, 962 F.2d 204, 208 (2d Cir. 1992). "When considering a motion to intervene, the courts must accept the applicant's well pleaded allegations as true, making no determination as to the merits of the issues in dispute." *Sackman v. Liggett Group, Inc.*, 167 F.R.D. 6, 20 (E.D.N.Y. 1996), *citing Oneida Indian Nation of Wisc. v. New York*, 732 F.2d 261, 265 (2d Cir.1984); *United States v. AT & T*, 642 F.2d 1285, 1291 (D.C.Cir. 1980); *see also Huff v. Comm'r of IRS*, 743 F.3d 790, 800 (11th Cir. 2014) ("All that is required under Rule 24(a)(2) is that the would-be intervenor be practically disadvantaged by his exclusion from the proceedings.").

### I.     The Motion is Timely

The timeliness of an application for intervention is evaluated "in the context of all relevant circumstances," including:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990); *see United States v. City of Detroit*, 712 F.3d 925, 930-31 (6th Cir. 2013).

Here, the timeliness requirement is met. The case is still at a relatively early stage. Other than a removal of the case from state to federal court, no real factual or legal issues have been determined or even litigated. Following the bankruptcy filing, the Debtor informed the Court of its intent to seek intervention as a prelude to removal of the foreclosure case to Bankruptcy Court.

## II.     The Debtor Has a Substantial Legal Interest in the Case

Courts tend to subscribe to a "rather expansive notion of the interest sufficient to invoke intervention of right." *Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir. 1999) (citation omitted); *see also Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987) ("[T]his court has acknowledged that 'interest' is to be construed liberally."); *see, e.g., N.Y. Pub. Interest Research Grp. v. Regents of Univ. of N.Y.*, 516 F.2d 350, 352 (2d Cir. 1975). No specific legal or equitable interest is required, *see Grutter*, 188 F.3d at 398, and even "close cases" should be "resolved in favor of recognizing an interest under Rule 24(a)," *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997). "Rule 24(a)(2) requires not a property interest but, rather, 'an interest relating to the property or transaction which is the subject of the action.'" *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 130 (2d Cir. 2001).

"[E]xcept for allegations frivolous on their face, an application to intervene cannot be resolved by reference to the ultimate merits of the claims which the intervenor wishes to assert following intervention, but rather turns on whether the applicant has demonstrated that its application is timely, that it has an interest in the subject of the action, that disposition of the action might as a practical matter impair its interest, and that representation by existing parties would not adequately protect that interest." *Oneida Indian Nation of Wisc.,* 732 F.2d at 265 (internal citation omitted).

This Foreclosure Action directly impacts the Debtor's interest in the Borrower and the Property itself. Without intervention, the Debtor has no ability to remove the Foreclosure Action to the Bankruptcy Court under Bankruptcy Rule 9027 and will remain a bystander to these proceedings to its extreme prejudice.

## III.    Intervention in this Case is Necessary to Protect the Debtor's Interests

Under the third intervention prong, "a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." *Miller*, 103 F.3d at 1247. "This burden is minimal," and can be satisfied if a determination in the action may result in "potential stare decisis effects." *Id.*; *see also Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 900 (9th

Cir. 2011) ("[I]ntervention of right does not require an absolute certainty that a party's interest will be impaired"). This rule permitting intervention as of right "requires only that applicant be 'adversely affected' by the disposition in the proceeding [and] not that he be altogether without other means of asserting his rights." *Levin v. Ruby Trading Corp.*, 333 F.2d 592, 595 (2d Cir. 1964).

If the Debtor is not permitted to intervene, the Debtor's pursuit of a Chapter 11 restructuring will be severely limited. Conversely, if permitted to intervene, the Debtor will then be able to take advantage of the remedial provisions of the Bankruptcy Code. Thus, intervention in this Foreclosure Action is essential to protect the Debtor's interests.

### IV.     The Existing Parties Cannot Protect the Interest of the Debtor

The Debtor carries a minimal burden to show that the existing parties to this litigation inadequately represent the Debtor's interests. *See U.S. Postal Service v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978) ("An applicant for intervention as of right has the burden of showing that representation may be inadequate, although the burden 'should be treated as minimal.'"); *Jordan v. Mich. Conference of Teamsters Welfare Fund*, 207 F.3d 854, 863 (6th Cir. 2000). The Supreme Court in the case of *Trbovich v. United Mine Wkers.*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 (1972), has said that the requirement of Rule 24(a) is satisfied "if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." A potential intervenor "need not prove that the [existing parties'] representation will in fact be inadequate, but only that it '*may* be' inadequate." *Jordan*, 207 F.3d at 863; *see also Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477, 495 (6th Cir. 2014) ("The proposed intervenor need show only that there is a *potential* for inadequate representation."); *Hardin v. Jackson*, 600 F.Supp.2d 13 (D.D.C. 2009) ("For purposes of a motion to intervene as of right, a showing that existing representation is inadequate is not onerous; applicant need only show that representation of his interest may be inadequate, not that representation will in fact be inadequate.").

The Borrower and the other defendants in the Foreclosure Action are subject to certain restrictions relating to a Chapter 11 filing. However, the Debtor is not subject to carve out guarantees and, therefore, is not restricted in pursuing a Chapter 11 restructuring. The Bankruptcy Code provides the Debtor with access to a number of tools to help preserve its interests in the Property. In light of these circumstances, the existing representation in the Foreclosure Action is not adequate to protect the Debtor's ownership interests, which are benefitted by a Chapter 11 filing. Thus, the Debtor also satisfies the burden of showing that the existing parties to the litigation do not sufficiently represent the Debtor's interests.

For the foregoing reasons, the Debtor respectfully requests that the Court grant its Motion to Intervene, with a view towards removing the Foreclosure Action to the Bankruptcy Court to facilitate a restructuring for the Property.

Respectfully yours,

/s/ Kevin J. Nash, Esq.

To: All counsel of record via ECF and Email.

The Court is in receipt of the above motion to intervene.  The parties are directed to file their responses to the motion on or before **September 9, 2022.**

Dated: August 25, 2022
       New York, New York

SO ORDERED.

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE