

LESLIE FEIFER
Partner
516.393.8229
lfeifer@jaspanllp.com
Admitted in NY and NJ

August 12, 2022

**MEMO ENDORSED**

**VIA ECF ONLY**
Hon. Katherine Polk Failla
Unites States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re: **Marathon CRE 2018-FL1 Issuer, Ltd. v.**
       **257-263 W 34th Street LLC, et al.**
       **Docket No.:  22-cv-01991-KPF**

Dear Honorable Madam:

  Pursuant to the Decision and Order dated January 3, 2022 ("Order") of the Hon. Jennifer Schecter, J.S.C., justice for the Supreme Court of the State of New York, County of New York ("Supreme Court"), I was appointed as receiver ("Receiver") of the premises known as 257-263 West 34th Street, New York, New York ("Premises").  A copy of the Order is attached hereto as **Exhibit A**.  Pursuant to the Order, on January 10, 2022, I posted a bond in the amount of $10,000.00, and my Oath and Designation and began acting as Receiver of the Premises.

  Thereafter, a Notice of Removal was filed in the Supreme Court removing the instant action to the jurisdiction of the Southern District of New York on or about March 9, 2022.  As an order discharging me from my duties as Receiver has not yet been issued, I continue to act in my capacity as same.

  Pursuant to the Order, I am required to obtain prior written approval of the court before I can appoint and employ any property manager, attorney, appraiser, accountant, agent, auctioneer or other secondary appointment with respect to any matter at the Premises.  (*See* Order, p. 4).

  Accordingly, for the reasons set forth below, I respectfully submit this letter application to request this Court's permission to retain and compensate the following as my professionals in the receivership: (1) my firm, Jaspan Schlesinger LLP ("JS LLP") as attorneys; (2) G&E Real Estate Management Services, a Delaware corporation doing business as Newmark Management ("Newmark") as property manager; (3) Cushman & Wakefield, Inc. ("CW") as real estate leasing agent; (4) Janco Building Consultants LLC ("Janco") as expediter; and (5) Antonucci & Associates, Architects & Engineers, LLP ("AAAE") as structural engineer.



Hon. Katherine Polk Failla
August 12, 2022
Page 2

### Retention of JS LLP as Attorneys

Under the Order, I am authorized to, *inter alia*, demand, collect and receive all rents or other monies due, and commence summary proceedings. (*See* Order, p. 2). I am also responsible for, *inter alia*, renting/leasing the Premises, and keeping the Premises in good repair. (*Id.*, p. 3). Thus, I require the assistance of counsel in connection with existing and future leases, commencement and conducting of summary proceedings, advice regarding various vendor contracts and agreements, as well as advice and counsel on a variety of other matters regarding my rights and duties as Receiver and matters involving the Premises.

JS LLP is a full-service law firm. Among other departments, it has experienced real estate and litigation departments, and has an exceptional professional reputation and served as counsel to receivers in real estate matters.

I primarily rely on the advice and counsel of partner, Steven R. Schlesinger and associate, Sophia A. Perna-Plank in connection with litigation matters involving the receivership. Indeed, I began substantive communications with JS LLP on March 10, 2022, when this matter was removed from Supreme Court. As such, I respectfully request this Court's permission to retain JS LLP *nunc pro tunc*, effective as of March 10, 2022.

Currently, floors 1-4 of the Premises remain vacant. Experienced counsel is required to work with me and any retained real estate leasing agent to negotiate with prospective tenants and secure lease agreements. JS LLP has experienced commercial real estate counsel, including partner, Stephen P. Epstein.

Further, I recently learned of a prior access agreement for scaffolding and roof protection for work being performed at 255 West 34th Street, New York, New York (construction of a 33-story hotel building) ("255 W. 34th Street"), which requires the expertise of a construction law attorney familiar with access and licensing agreements. JS LLP has qualified counsel in this regard, including partner Charles W. Segal, who has extensive experience representing building owners in New York City in connection with construction matters.

The professional services JS LLP will render to me as Receiver include the following:

1. To give advice with respect to construction work at adjoining properties and access and protection issues.
2. To negotiate, review and/or prepare necessary access and licensing agreements and related documents for construction protection.
3. To review roof protection plans, drawings, and permits.
4. To review overhead protection plans, drawings, and permits.
5. To consult with any retained engineer in connection with roof protection plans, drawings and permits, and access agreements for construction protection.



6. To consult with any retained real estate leasing agent in connection with leasing units at the Premises.
7. To give advice with respect to leasing the Premises.
8. To give advice with respect to insurance issues.
9. To negotiate, review and/or prepare necessary leases and related documents.
10. To appear before the Court to protect the interests of the Premises and to represent me in all matters pending before the Court.
11. To perform all other legal services for me as Receiver which may be necessary for the preservation and operation of the Premises, and for the orderly administration of the receivership.

The hourly rate for various attorneys and paraprofessionals who are anticipated to render services on my behalf during the pendency of the receivership ranges from $200 to $750 per hour, however, JS LLP's billing rates are subject to adjustment annually. The hourly rate range for paraprofessional is currently $200-$300, and $375-$750 for attorneys. The partners who will be primarily involved in this matter are Steven R. Schlesinger, Charles W. Segal and Stephen P. Epstein. The associate who will be primarily involved in this matter is Sophia A. Perna-Plank. Should summary proceedings for tenant matters arise, partner Marci S. Zinn will be involved.

With respect to Mr. Segal's time, it is my understanding that an agreement would be entered into with the adjoining property owner/developer of 255 W. 34th Street that requires it to pay for legal (and engineering) costs related to the access agreement mentioned above. Therefore, to the extent Mr. Segal's time relates to working with the neighboring property owner/developer concerning the access agreement, that owner/developer will be responsible for my legal fees. The fees for JS LLP's services not related to the access agreement, billed on an hourly basis, would be paid from the proceeds of the receivership, upon application to this Court.

**Retention of Newmark as Property Manager**

Several repairs are needed at the Premises, including elevator maintenance, and addressing potential/past flooding in the basement at the Premises. Such repairs require daily on-site maintenance services.

Newmark offers a variety of integrated real estate services, including property management/operations and maintenance, and has significant experience with receiverships. In fact, Matt Duthie, Sr., of Newmark is an approved property manager under Part 36 of the Rules of the Chief Judge of New York State. Evidence of such approval is annexed hereto as **Exhibit B**. Further, Newmark is familiar with the location of the Premises.

Newmark's principal place of business is located at 125 Park Avenue, New York, New York. The scope of Newmark's retention primarily centers around the need to maintain a daily presence at the Premises to ensure the efficient operation and management of the Premises, as well as the safety of the tenants and visitors.



Hon. Katherine Polk Failla
August 12, 2022
Page 4

It is anticipated that Newmark, under my supervision, will act as project manager for, among other things, all capital improvements authorized by me as Receiver for all necessary repair and maintenance to the Premises, and for all necessary tenant alterations and improvements to be performed by the landlord.

Attached as **Exhibit C** is a property management agreement prepared by Newmark, which sets forth the terms and provisions for my retention and compensation of Newmark. Newmark's management fee would be paid from the proceeds of the receivership.

### Retention of CW as Real Estate Leasing Agent

As discussed above, floors 1-4 remain vacate at the Premises. Due to numerous factors, including the local real estate market and the condition of the Premises, it has been a challenge to attract acceptable potential new tenants. In that regard, an experienced leasing agent is required to market and lease the vacate units at the Premises. I believe that new tenants will stabilize the cash flow at the Premises.

CW offers a variety of integrated real estate services, including leasing and marketing of retail and office space in New York City. CW is also familiar with the location of the Premises. CW has a principal place of business located at 1290 Avenue of the Americas, New York, New York. Attached hereto as **Exhibit D** is CW's team book, which highlights the company's credentials.

The terms and provisions of CW's leasing and marketing services are set forth in the listing agreement and schedule for commissions, prepared by CW, which are attached hereto collectively as **Exhibit E**. The fees for CW's leasing and marketing services would be paid on a commission basis, as set forth in the attached schedule for commissions. Commissions would be paid from the proceeds of the receivership.

### Retention of Janco as Expeditor

It has been discovered that the Temporary Certificate of Occupancy for the Premises ("TCO") expired, prior to my receivership. The architect who worked on the project has declined to work with management to assist in renewing the TCO. Therefore, it is imperative that I work with an expeditor to identify a new architect and rectify the issue. The expired TCO impairs leasing units at the Premises.

Janco has been engaged in expediting services in New York City since 1988, and has experience with, *inter alia*, certificates of occupancy, application filings, and building permits. Janco is located at 291 Broadway, Suite 1508, New York, New York and is familiar with the location of the Premises. Attached as **Exhibit F** is Janco's proposal, setting forth the anticipated scope of services, and the company's fees and expenses. Janco requires a retainer fee of $8,000. In addition to the retainer, fees for services would be due upon completion of specific tasks or



events, as itemized in the company's proposal. Janco's retainer and fees would be paid from the proceeds of the receivership.

### **Retention of AAAE as Structural Engineers**

As discussed above, there is an access agreement for scaffolding and roof protection because of construction activity at the adjacent building to the Premises, 255 W. 34th Street. The rooftop protection on top of the Premises was put in by the developer of 255 W. 34th Street pursuant to a license agreement with the owner of the Premises before I was appointed Receiver. The developer now wants to modify that protection for certain "structural" reasons and replace it with a different type of protection. It is my understanding that any modification to the protection must be reviewed and approved by a structural engineer engaged by me as Receiver.

AAAE is an architecture and engineering firm with varied experience in the design and rehabilitation of, *inter alia*, residential and commercial buildings. AAAE is located at 50 Fifth Avenue, Pelham, New York. Attached as **Exhibit G** is AAAE's proposal, setting forth the anticipated scope of services, and the company's fees and expenses. AAAE requires a retainer fee of $3,500. In addition to the retainer, fees for services would be billed at an hourly rate. The hourly rate range is $200-$350.

Although the developer of 255 W. 34th Street is to pay for the engineering consulting services (and legal fees as mentioned above) relating to any modification to the current protection, for which an agreement would be entered into, I am seeking authority to retain and compensate AAAE in an abundance of caution should the developer of 255 W. 34th Street fail to pay for AAAE's services.

Respectfully submitted,

s/Leslie Feifer
LESLIE FEIFER

LXF/sap

Attachments (Exhibits A-G)

cc:     *All counsel via ECF*

The Court is in receipt of the above letter.  The parties are invited to submit a joint letter stating their respective positions as to the requests made above on or before **September 2, 2022.**

Dated:   August 25, 2022
         New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE